PARCIE MYERS, Administratrix, et al., Appellees, v. ILO CRABTREE SMITH, Executrix, Appellant.

No. 46582.

DECEMBER 12, 1944.

Reed & Beers and Pressey H. Frank, all of Waterloo, for appellant.

Larson & Carr and R. W. Zastrow, all of Charles City, for appellees.

SMITH, J.—Fred E. Gates died March 29, 1925. His will was admitted to probate April 13, 1925, and his wife, Viola G. Gates, was appointed and qualified as executrix thereof. His will, by item 2, gave to Ilo Grace Crabtree "who has made her home with me for several years last past, if she shall survive me," the sum of $15,000, "to be paid to her within one year after my decease."

The will was dated December 14, 1918. Item 3 of the will was as follows:

"I give, devise and bequeath unto my beloved wife, Viola G. Gates, all the rest, residue and remainder of my estate and property, including all real estate and personal property of which I shall die seized and possessed or to which I shall be entitled at the time of my decease, she to have and take the same absolutely and without condition."

These were the only bequests. On or about the same day the will was admitted to probate the legatee named in item 2 executed and delivered to the executrix the following instrument:

"In the Matter of the estate of F. E. GATES, deceased. } Relinquishment of Rights Under the Will of Decedent.

Comes now Ilo Crabtree Smith and states to the Court, that

she is the identical Ilo Grace Crabtree named as one of the beneficiaries under the will of the said F. E. Gates, deceased, wherein she was to receive the sum of Fifteen Thousand ($15,000.00) Dollars, from said estate, and I further state that I know it was the intention of the said F. E. Gates, immediately prior to his death, to change the said bequest from myself and give to his wife Viola G. Gates, his entire estate, and it is therefore my desire and in order to comply with the said desire of the said decedent, I do hereby renounce and relinquish all and every right, title or claim that I may have in and to said legacy, in order that the same may become a portion of the estate of the said F. E. Gates, and pass to the residuary legatee under the said will.

Ilo Crabtree Smith<br>Formerly Ilo Grace Crabtree.''

This document was duly verified by the legatee and attached to it was a signed statement of her husband consenting to and acquiescing in the execution of ''the within relinquishment.''

Plaintiffs herein are the only heirs of Fred E. Gates, being his sister, Katie A. Sours, and the administratrix of the estate of Ella Myers, his other sister. Viola Gates, his widow, elected to accept the provisions of his will. As executrix she filed her final report on or about April 30, 1926, in which she stated:

''That under the terms and conditions of the Will of the said decedent one Ilo Crabtree Smith, formerly Ilo Grace Crabtree, was given and bequeathed the sum of $15,000.00, and thereafter on or about January 21st, 1923, [sic] the said Ilo Crabtree Smith, formerly Ilo Grace Crabtree, filed in this Court her written 'Relinquishment of Rights under the will of decedent' whereby she renounced and relinquished all and every right, title and claim that she might have in said estate in order that the same may become a portion of the estate and pass to the residuary legatee of said will. Her husband W. R. Smith having joined in said relinquishment, and whereby this executrix Viola G. Gates in her personal capacity became the sole and only beneficiary under the will of the said decedent Fred E. Gates, deceased, he having died testate.

"That this executrix has turned over to herself Viola G. Gates in her personal capacity all of the property of every kind and character, real, personal or mixed property wherever the same may be found by assignment and otherwise, after having paid all of the claims filed in said estate and all costs of administration and both the State Inheritance Tax and the Federal Estate Tax, receipts for all of which are duly filed with this report. * * *

"That I, Viola G. Gates, in my individual capacity do hereby receipt for and acknowledge in full the receipt of all properties, real, personal, or mixed from the said executrix belonging to the estate of the said Fred E. Gates and also widow's allowance granted by this Court, and do hereby ask that the Final Report be accepted and approved and the said executrix therein discharged. That there is no other person interested in said estate and no other or further notice is necessary in order to close the same. I, Viola G. Gates, aged 65 years, residing at Marble Rock, Iowa, am the surviving spouse of said decedent; that there are no other heirs and no other legatees and devisees."

The court thereupon made its order, dated April 30, 1926, discharging the executrix and closing the estate. This order made a finding that Ilo Grace Crabtree, now Ilo Crabtree Smith, and her husband, on or about January 21, 1926, "* * * filed in this Court their written relinquishment of all rights in and to said bequest * * * in order that the said bequest might become a portion of the estate of the said Fred E. Gates and pass to the residuary legatee Viola G. Gates under said will of said decedent * * *." No notice of the hearing was served on these plaintiffs.

Viola G. Gates (also known as Viola Russell Gates) is now deceased and defendant herein is said Ilo Crabtree Smith *as executrix of her estate.* She is not a party in her individual capacity.

The foregoing statement of facts is substantially as alleged in plaintiff's petition (filed August 20, 1941), which also alleges (based on the facts stated) that said Viola G. Gates, because of the allegations in her final report, was guilty of fraud and misrepresentation and mistake of fact; that upon said renuncia-

tion of the $15,000 bequest the renounced legacy became intestate property and upon the widow's election to take under the will it passed to the plaintiffs as the only heirs of decedent; and "that by and through the aforesaid mistakes of fact, or some of them," the ex parte order closing the estate was erroneously entered, "which mistakes of fact the court would thereafter have discovered and corrected but for the continued silence of Viola G. Gates * * * in violation of her relation of trust and confidence to the court and these plaintiffs."

Plaintiffs prayed that the order of April 30, 1926, closing the estate of Fred E. Gates, be set aside, that the estate of Viola Russell Gates and the executrix thereof be required to fully account to these plaintiffs for the $15,000 legacy, and for general equitable relief.

To this petition defendant responded with a motion to dismiss, urging the statute of limitations, laches, estoppel, and res adjudicata. By amendment to the motion it was further urged that the instrument denominated "relinquishment of rights under the will of decedent" was in fact an assignment and not a renunciation; and that there was no fraud in concealing from plaintiffs the said "relinquishment" "in that there was no duty on said Viola G. Gates to inform the plaintiffs concerning the same," and that "there was no fraud in paying to herself the residuary estate" in that same was done pursuant to order of court after advising the court of all material facts. The motion, of course, admits the facts pleaded in the petition.

The trial court overruled the motion to dismiss, defendant elected to stand on her motion, and judgment was entered against her from which she now appeals.

I. It seems logical first to determine the true character of the instrument which calls itself "Relinquishment of Rights under the Will of Decedent." Appellant argues that it should be construed to be an assignment. Appellees claim it is a renunciation. We have to consider the language of the document itself, the circumstances of the transaction, the situation of the parties, the object they sought to accomplish, and the construction they themselves placed on it. Huntington v. Jacob Haish Co., 190 Iowa 1197, 1200, 181 N. W. 480; Pratt v. Prouty, 104 Iowa 419, 422, 73 N. W. 1035, 65 Am. St. Rep. 472.

It is to be conceded that the name given an instrument is not conclusive, but it must be pointed out that here not only the name but the language itself indicates that it was intended as a renouncement:

"I do hereby *renounce* and *relinquish* all and every right, title or claim * * * in and to said legacy, *in order that the same may become a portion of the estate * * * and pass to the residuary legatee under the said will.*"

It recites:

"I know it was the intention of the said F. E. Gates, immediately prior to his death, to change the said bequest from myself and give to his wife * * * his entire estate * * * and in order to comply with the said desire of the said decedent, *I do hereby renounce * * *.*"

The legatee was not related to decedent or his wife but his will as written gave $15,000 to her and the residue to his wife. He had no apparent intention of allowing any part of his estate to go to his sisters. The "relinquishment" likewise makes it clear that the legatee's sole purpose was to have the property go to the widow of decedent. Certainly, there was no purpose on the part of any of the actors to benefit the heirs at law of decedent.

It must further be conceded that there are no words of assignment or transfer: only a clear purpose, an unmistakable intention as to who should benefit by the transaction. Testator's alleged purpose was to *change his will* so as to make his wife sole beneficiary. Renunciation evidently seemed best adapted to accomplish that exact result. The only rational conclusion is that the parties *intended* a renunciation, believing that thereby the property would pass to Mrs. Gates under the residuary clause. It is significant that she so reported it to the court and the court acted accordingly.

Appellant in reply to this last suggestion argues that she was the one who executed the instrument, that it is her intention that is to be ascertained, and that she is not bound by what the executrix and the court did. But she is here as the representative of her foster mother's estate. She is not claiming in her

individual capacity. For the purpose of this suit it is Mrs. Gates' right to the property that is involved and it is her construction on the transaction that is to be considered.

Without discussing the many authorities cited by appellant in favor of construing the instrument to be an assignment (some of which are strongly persuasive, see, e.g., Thornton v. Mulquinne, 12 Iowa 549, 79 Am. Dec. 548), we are constrained to hold that it must be treated here as a renunciation.

██ II. What, then, was the status of the renounced legacy? Did it go as intestate property to the heirs or as a part of the residuary estate to the residuary legatee?

Notwithstanding the apparently conclusive language of some of our own decisions cited by appellees, the question here presented has not been directly passed on by us. It is true we have said:

"In the event of a renunciation, the property devised would become a part of the residuary estate and be dealt with as intestate property." Goodsman v. Jannsen, 234 Iowa 925, 927, 14 N. W. 2d 647, 648.

But in that case we held there had been no renunciation and it did not involve any question of the property passing to heirs. The plaintiff was attempting to have the property used to apply in payment on her own money bequest. There was no question of a residuary clause.

Similar language is found in other of our decisions. See Brown v. Kalene, 230 Iowa 76, 79, 296 N. W. 809; Coomes v. Finegan, 233 Iowa 448, 7 N. W. 2d 729; Lehr v. Switzer, 213 Iowa 658, 663, 239 N. W. 564; In re Estate of Stone, 132 Iowa 136, 109 N. W. 455, 10 Ann. Cas. 1033; Schoonover v. Osborne, 193 Iowa 474, 187 N. W. 20, 27 A. L. R. 465; McGarry v. Mathis, 226 Iowa 37, 282 N. W. 786.

In the Brown v. Kalene case, supra, four residuary beneficiaries were named but the shares of two of them were conditioned on their acceptance, as a part thereof, of certain specified property at a certain specified price. These two renounced and asked to share, nevertheless, as equal residuary beneficiaries in the entire residuary estate. We held the two renounced shares must pass as intestate property in equal shares

to the four, who were also the only heirs of decedent. Because the renouncement was by residuary beneficiaries there was no residuary clause to receive the renounced shares.

The case is quite different from our situation here, where the legacy in question is not residuary in character and where there is a general residuary clause available for controlling its disposition.

In the case of Coomes v. Finegan, supra, there was no will. An heir renounced his inheritance, which his creditor was attempting to reach. There was, of course, no question of a residuary clause.

The other decisions we have cited, and all Iowa cases we have been able to find, are easily distinguishable from the instant case. None involved the precise question here. We must look to other jurisdictions for pertinent precedents.

Appellants cite 4 Page on Wills, Lifetime Ed., 156, 157, to the proposition:

"If the will contains a general residuary clause, which, by its terms, may pass the property in question, a renounced legacy or devise passes under such residuary clause, unless the will shows testator's intention to make some other disposition of such devise or legacy in case of renunciation. * * *

"If the renounced legacy or devise is a residuary gift, it passes as intestate property, in the absence of some provision in the will indicating testator's intention to make some other disposition thereof."

This Page statement is quoted and applied in Dare v. New Brunswick Tr. Co., 122 N. J. Eq. 349, 194 A. 61, a case very similar to the one here. See, also, the following cases cited by appellants: Privott v. Graham, 214 N. C. 199, 198 S. E. 635; Bradford v. Leake, 124 Tenn. 312, 329, 137 S. W. 96, 100, Ann. Cas. 1912D, 1140; and Givens v. Ott, 222 Mo. 395, 417, 121 S. W. 23, 28.

In the Bradford v. Leake case, supra, the Tennessee court said, in speaking of a renounced devise:

"In any event, the devise never became effective, and so stood in the category of a lapsed or void devise. * * * In such cases the rule is, where there is a residuary clause, the property

\* \* \* goes to the residuary devisee. \* \* \* In the absence of such a clause, it goes to the heirs of the testator."

In Givens v. Ott, supra, the Missouri court says:

"In arriving at this conclusion we indulge the presumption, that where a testator executes a will, it is presumed he intended to dispose of his entire estate thereby, and not to die intestate as to a portion of it."

The rule is sound. Where, as here, the testator shows a clear intention to dispose of his entire estate we should give effect to that intention. We have repeatedly said we would, if possible, so construe wills as to avoid intestacy. That construction will prevail unless the language of the instrument indicates a contrary intention.

The testator here did not depend on what appellees call the "antilapse" statute (section 11861, Code of 1939). The legacy is expressly conditioned on the legatee's surviving the testator and is followed by the residuary clause to his wife. It is certain he intended his wife to have all the property if the legatee did not survive him. Can it be he intended any different result in event of renunciation? We think not.

While no Iowa case in point is found involving a *rejected* legacy or devise, we are not without Iowa authority in analogous situations. We have held that where a specific legacy fails because of indefiniteness in designation of the legatee, intestacy to the extent of such legacy does not result when the will contains a residuary clause. In Beidler v. Dehner, 178 Iowa 1338, 1344, 161 N. W. 32, 34, we said:

"One of the chief purposes of a residuary clause in a will is to prevent intestacy as to any part of the testator's estate. It covers and includes all property not otherwise mentioned or disposed of; and, in the absence of any provision indicating a contrary intent, failure of a specific legacy to vest or become effective in a legatee leaves the amount so released to fall into the residuum, and to go to the residuary legatee. In re Wood's Estate, 209 Pa. 16 (57 Atl. 1103)."

In a case in which a devise failed because of misdescription

of the land we held it passed under the residuary clause. Eckford v. Eckford, Iowa, 53 N. W. 345, 351.

We have said: "The general rule governing the lapsing of legacies and devises, — namely, that they fall into the residuary estate, — is too well recognized to require citation of authority." Nichols v. Swickard, 211 Iowa 957, 959, 234 N. W. 846, 847. See, also, 69 C. J. 1072, section 2310.

Citations of decisions from other jurisdictions could be multiplied holding that lapsed legacies pass under the residuary clause unless a contrary intent appears. See Davis v. Goodman, 17 Del. Ch. 231, 152 A. 115; Casey v. Genter, 276 Mass. 165, 176 N. E. 782; In re Coots' Estate, 253 Mich. 208, 234 N. W. 141; McGee v. Vanderventer, 326 Ill. 425, 158 N. E. 127. The rule applies except where the lapsed legacy is itself a part of the residuary clause. In re Coots' Estate, supra.

It is not necessary to overrule our former decisions in which we have apparently announced a different doctrine as to renounced bequests and devises. We merely limit the language of those decisions to its proper application to the facts of those cases.

III. Appellees argue that the point just decided was raised by appellant for the first time on appeal. The argument ignores or overlooks the fact that appellees' right to recover is based not only on the proposition that a renounced legacy passes to heirs as intestate property and not under the residuary clause but also on the theory that they can maintain the suit at this late date because of equitable grounds. See sections 12051 and 12049, Code of 1939.

The equitable grounds relied on are alleged fraud, misrepresentation and mistake, and fraudulent concealment by Mrs. Gates, as executrix of her husband's estate, predicated upon her final report to the court and her failure to inform or notify appellees of the contents thereof and the hearing thereon. We have pointed out that the facts alleged in the petition do not support these conclusions. She not only correctly advised the court of the material fact situation but she adopted the correct legal conclusion based thereon. The court was not misled into making an erroneous order.

Appellant in her motion to dismiss urged the statute of

limitations, laches, and res adjudicata. By reason thereof she challenged the sufficiency of the facts alleged in the petition to show equitable grounds for reopening the estate.

Thus was squarely presented to the trial court the correctness of appellees' (plaintiffs') theory that the renounced legacy became intestate property. We think that question was implicit in the situation and was necessarily passed on by the district court in overruling the motion to dismiss.

█ IV. Appellees, by amendment to their petition and in argument both written and oral, suggest that there was some intended and consummated fraud upon the state of Iowa by the executrix in filing an amendment to her preliminary tax report. The point made is that she thereby reported the entire estate as passing under the will to herself as widow, instead of $15,000 to a collateral legatee, saving the ten per cent tax that would have been due from the collateral legatee.

It is difficult to see how appellees could complain of this even if it were fraudulent. However, our decision in In re Estate of Stone, supra, seems to furnish justification for the method in which the matter of inheritance tax was handled by this executrix.

What we have said disposes of all questions necessary to a determination of this appeal. We have given the case most careful study and are convinced the decision of the trial court must be reversed.—Reversed.

MANTZ, C. J., and HALE, GARFIELD, BLISS, and WENNERSTRUM, JJ., concur.

MULRONEY, OLIVER, and MILLER, JJ., specially concur.

MULRONEY, J. (specially concurring)—I concur in all of the foregoing opinion except Division I thereof. I would hold that under the authority of Thornton v. Mulquinne, 12 Iowa 549, 79 Am. Dec. 548, the instrument referred to in this division could properly be construed to be an assignment.

I am authorized to state that Justices OLIVER and MILLER are of the same opinion.