ALLEN, Judge.
This is an appeal from a declaratory final decree in favor of nine parties defendant. Appellant, plaintiff below, was named as executor, and also residuary legatee in the will of Isabel Roberts, and brought a suit for a declaratory decree to construe one portion of said will. This portion reads as follows:
“The unpaid balance, if any, on the purchase contract of the Iowa farm, which has been sold under said contract agreement is to be equally divided, as payments are made by purchaser, equally among all of the living heirs of John Somerville. This purchase contract to be transferred to the above heirs, for the education of their children.”
The will in question was executed in 1952, and the testatrix died December 27, 1955. The John Somerville mentioned in the will had been married to the only sister of the testatrix and had died in 1928, his wife dying in 1933. There was no issue from this union, but John Somerville, had two sisters who had predeceased him leaving surviving lineal descendants. It will be *781 observed that both John Somerville and his wife, the sister of the testatrix, died preceding the execution of the will and the death of the testatrix.
The appellant argues that the living heirs of John Somerville were determinable at the time of the death of John Somerville, which would make Somerville’s wife his sole heir and that upon her death, in 1933, before the execution of the will in question, would make the bequest void and thus the legacy would lapse and the executor, the appellant here and plaintiff below, would receive the property as he is the residuary legatee. The lower court held that the measuring life from the facts in this particular case was that of the testatrix, not that of the ancestor, and awarded property to the heirs of John Somerville living at the time of the death of the testatrix.
The appellees, in their brief, state the following question:
“Where a testator makes a bequest to the living heirs of a person who is dead when the will is executed is the time for the determination of such class the date of the testator’s death?”
The lower court answered this question in the affirmative and it is our conclusion that the lower court was correct under the facts of this case.
The parties herein have not cited a Florida decision on point, nor have we found one, so apparently this case is one of first impression in this State.
The appellant cited quite a number of cases and argued to the effect that the word “heir” is ordinarily used to describe those persons who answer the description at the death of the testator, one of such cases being Williams v. Williams, 1942, 149 Fla. 454, 6 So.2d 275; but such cases and authorities cited are not applicable to the instant case.
In Re Austin’s Estate, 1945, 236 Iowa 945, 20 N.W.2d 445, 447, 162 A.L.R. 709, it was said:
“Appellant Ammons argues that this technical meaning should not be given the term ‘heirs at law’ here, because the will did not become effective until the testator died and the time of determination of Mabel’s heirs should not precede the time when the will took effect. Much is made, too, of the incongruous result of the theory adopted by the trial court by which the testator himself became the beneficiary under the residuary clause.
“For the most part, the cases cited by appellee involve a gift to a third person for life, then to his heirs, where the life tenant survives the testator, and it is held that the heirs are to be determined at the death of the life tenant and not the testator. Involved in such decisions is the fact that the life tenant has no heirs until he dies, since, as frequently said, no one can be heir to the living. Or, as many of such cases state, the heirs of a person cannot be ascertained until his death. It is apparent that such cases present a different situation than exists where the life tenant dies before the instrument takes effect.”
Subsequently, in the same opinion, 20 N.W.2d on page 449, 162 A.L.R. on page 715, the Court quotes from 3 Page, Wills, Lifetime Ed., section 1055, where it is said:
“ ‘If the gift is to the “heirs” or “next of kin” of one other than testator, the time as of which such class is to be determined depends, in the absence of a definite indication of testator’s intention, upon the time of the death of such other person with reference to that of testator. If such other person dies before testator, his heirs or next of kin are to be determined as of the death of testator; * * * ’ ” (Italics ours.)
On page 716 of 162 A.L.R., which is the annotation following In Re Austin’s Estate, supra, the following appears:
“While, where the ancestor of ‘heirs’ or ‘next of kin’ named as beneficiaries *782 in a will survived the testator the will is generally construed as meaning that the question as to who comes within such classification shall be determinable as of the time of death of the ancestor, the time as of which 'heirs’ or 'next of kin’ shall be determinable where the ancestor predeceased the testator is the time of the death of the testator rather than that of the ancestor, unless a contrary intention is shown by the will.” (Cases are cited from California, Connecticut, Georgia, Illinois, Indiana, Iowa, Missouri, New York, South Carolina and England.)
In Hancock v. Griffin, 1931, 171 Ga. 787, 156 S.E. 659, it was said that, if a devise or bequest is to the heirs of one other than the testator, the time as of which such class is to be determined depends, in the absence of a definite indication of the testator’s intention, upon the time of the death of such other person with reference to that of the testator; and that if such other person dies before the death of the testator, his heirs are to he determined as of the death of the testator. See also Mockbee v. Grooms, 1923, 300 Mo. 446, 254 S.W. 170; Sipe v. Merchants Trust Co., 1941, 109 Ind.App. 566, 34 N.E.2d 968
The appellant also contends that the words, “This purchase contract to be transferred to the above heirs for education of their children,” creates a trust. In the case of Elkinton’s Executor v. Elkinton, N.J.Ch.1889, 18 A. 587, 588, the Court said:
“ * * * Although the phrase ‘for the support and good of the family’ may be considered as quite expressive, yet, when it is considered that the testator distinctly directs the money to be paid to the children without making any provision for the investment of it',, or fixing any period of time during which they shall hold it, it seems very plain that he meant, by the phrase used, such benefit as they would recéive or enjoy from the use of the moneys so given to them severally. * * * In other words, I think that the phrases for ‘the support and good of the family’ * * * were used rather to express the motive for making the gift in the manner in which he did than to express the intention to create a trust. 1 Lewin, Trust, 137, where this view is illustrated. * * * ”
See also In re Cunningham’s Estate, 1941, 340 Pa. 265, 16 A.2d 712; Watts v. Finley, 1939, 187 Ga. 629, 1 S.E.2d 723.
We conclude no trust was created.
Since we find no error in the record, the lower court should be affirmed.
Affirmed.
KANNER, C. J., and FARRINGTON, . OTIS L., Associate Judge, concur.