In the Matter of the ESTATE of Maude Leber LAMP, Deceased.

Robert O. LEBER, James E. Leber, Floyd C. Leber, Appellants,

v.

ESTATE of Maude Leber LAMP, Deceased; Gail M. Richardson, Executor and Trustee of the Estate of Maude Leber Lamp, Deceased; State Board of Regents for the State of Iowa representing Iowa State University and State University of Iowa; and College of Osteopathic Medicine and Surgery (also known as Still College of Osteopathy), Appellees.

No. 53678.

Supreme Court of Iowa.

Nov. 12, 1969.

Taylor & Taylor, and Robert E. Feilmeyer, Guthrie Center, for appellants.

Richard C. Turner, Atty. Gen., and Elizabeth Nolan, Asst. Atty. Gen., for appellee State of Iowa.

Arthur O. Leff, Iowa City, Special Counsel for appellee State Board of Regents.

Herrick, Langdon, Belin & Harris, Des Moines, for appellee College of Osteopathic Medicine and Surgery.

Richardsons & Handley, Jefferson, for appellee Gail M. Richardson.

LARSON, Justice.

This is a declaratory judgment action wherein appellants, the children of a deceased brother and only heirs at law of testator, Maude Leber Lamp, contend that by its terms the will of decedent creates a partial intestacy and that appellants, by rule of statutory descent, inherit the residual estate of which decedent died intestate.

Maude Leber Lamp died on November 23, 1967, and her will, dated July 8, 1963, was admitted to probate on November 30, 1967. Action was commenced by plaintiffs (appellants herein) to construe and interpret Paragraphs Second and Third of decedent's will on October 17, 1968. All defendants thereafter filed answer denying plaintiffs' allegation and prayed for a judgment according to the provisions of the will or according to extrinsic evidence as determined to be necessary by the court. Pursuant to reply, the plaintiffs moved to adjudicate points of law and for summary judgment, as provided in Rule 105, R.C.P., contending that the dispositive portion of Paragraph Third was in conflict with Paragraph Second, which constituted a repugnancy and therefore was void. Resistance was filed to the motion. Upon these matters issues were joined and the cause was submitted to the court which, on January 13, 1969, held the terms of the will are clear and unambiguous, not subject to construction by extrinsic evidence and construed the will so as to place all the property of decedent into a single trust fund to be administered and distributed for and on behalf of the defendants to the exclusion of plaintiffs. It dismissed plaintiffs' petition for declaratory judgment and motion for summary judgment, and plaintiffs appeal. We affirm.

In its Conclusions of Law the trial court stated:

"However, * * * the Court feels * * * that the combination of the second and third paragraphs of this will can be properly interpreted as creating a trust which consists of all of the assets of this decedent's estate and that it was this decedent's intention that all of his property would be turned over to the trustee and that out of this would be specifically administered the sum of $2,000.00 as the fund for loan purposes to students for the 20-year period, and that the balance of the funds, whether it be considered as the residue of this estate or the balance remaining in the trust, would be divided equally between the Medical College of the University of Iowa and Still College of Osteopathy of Des Moines, Iowa. This Court believes that this will should be interpreted as considering all of the property of this decedent going into a single trust to be administered and distributed under the terms of both the second and third paragraphs of this decedent's will. * * *

"* * * it is the ruling of this Court that the net estate of this decedent passes under this decedent's will by first the $2,000.00 trust fund provided for in the second paragraph to be administered by the trustee for the 20-year period and thereafter the loans to be liquidated and the funds derived therefrom shall be turned over to the Iowa State University for the

use of such college in the veterinary department of said institution. That the rest and residue of this estate shall be divided equally between the Medical College of the University of Iowa and Still College of Osteopathy of Des Moines, Iowa."

The relevant part of the will of Maude Leber Lamp is as follows:

"FIRST. I direct that my executor hereinafter named pay all my just debts, including expenses of last illness and burial and costs of administration out of my personal estate.

"SECOND: It is my Will and I direct that my executor hereinafter named convert all of my property of every kind and nature and out of the proceeds remaining I direct that there shall be set aside in a trust fund the sum of Two Thousand and No/100 ($2,000.00) to be used by my trustee to make loans to worthy students for education in the Veterinary School at Iowa State University, such loans to be at the discretion of the trustee, who shall be in the same person as the executor named herein and I direct that said funds shall be loaned and reloaned from time to time and at the end of said twenty (20) year period, said loans shall be liquidated and the funds derived therefrom shall be turned over to Iowa State University for the use of said college in the veterinary department of said institution.

"THIRD: All remaining funds in said trust above referred to I direct shall be used by my trustee to carry out the trust as heretofore stated, and I direct that the remaining funds in said trust shall be divided, share and share alike between the Medical College of the University of Iowa and Still College of Osteopathy, Des Moines, Iowa. It being my intention that none of my family, either my father's relatives or my brother or his heirs shall in any manner share in my estate."

In their proposition relied on for reversal appellants contend the trial court erred in failing to hold that the decedent died testate only as to the $2,000 trust specifically described and specifically devised by her and that she died intestate as to the balance, remainder and residue of her property. In their argument they maintain the language used in the first sentence of the third paragraph of decedent's will is unequivocal and unambiguous and that it cannot by judicial construction be construed to mean something other than what the testator actually said. They argue that, by the language used, the testatrix had given all the trust funds created in Paragraph Second in the amount of $2,000 to certain defendants, and the residue of the estate remained as intestate property. They assert that the failure to provide for the complete disposition of the residue of her estate is in no way affected by the language in the second and third paragraphs of the will, citing In re Estate of Fairley, Iowa, 159 N.W.2d 286. Referring to the last sentence in Paragraph Third, they say it may indicate decedent intended to say something she did not say, but that the court cannot remake her will to carry out a possible intent not expressed by her in the will. They make no claim under the will. Their claim is under the rules of statutory descent in accordance with our holding in Ransom v. Mellor, 230 Iowa 451, 297 N.W. 861.

Our question is whether the language used in Paragraphs Second and Third provided for the creation of one trust with two beneficiaries, $2,000 to one and the balance to the other, or only one trust fund of $2,000 as provided in Paragraph Second and the residue as intestate property in Paragraph Third.

■ I. The rule is well established that a testator's intention must be gathered from the language of the instrument where such language is reasonably clear and unambiguous. Of course, the question is not what the testator meant to say but what he meant by what he did say. In re Estate of Hogan, 259 Iowa 887, 889, 146 N.W.2d 257, 258; In re Estate of Fairley, supra,

Iowa, 159 N.W.2d 286, 288, and cases cited in each. Extrinsic evidence is not admissible to vary, contradict, or add to the terms of a will or to show an intention different from that disclosed by its language.

■ It is equally well settled that our purpose in construing a will is to arrive at the true intent of the testator, that we must adhere to established rules for the construction of wills rather than to operate on broad principles of equity and justice, and that we must consider the will in its entirety. In re Estate of Fairley, supra; In re Estate of Roberts, 171 N.W.2d 269. Of course, rules of construction should not lead to an interpretation of a will which, in view of existing circumstances, clearly was not in the mind of the testator. In re Estate of McCulloch, 243 Iowa 449, 457, 52 N.W.2d 67, 72, and citations; In re Estate of Roberts, supra. In In re Estate of Pottorff, 216 Iowa 1370, 1373, 250 N.W. 463, 465, we said: "Rules of construction of wills are only useful when they are an aid to the court in ascertaining the intent of the testator. No arbitrary or technical rules of construction should prevail where the wording of the will itself expresses the testator's intent, * * *."

■ Our position in will construction cases was well summarized in In re Estate of Larson, 256 Iowa 1392, 1395, 131 N.W.2d 503, 504. There we said the law is well settled (1) the testator's intent is the polestar and if expressed must prevail; (2) his intent must be gathered from a consideration of (a) *all* the language contained in the four corners of his will, (b) his scheme of distribution, (c) the circumstances surrounding him at the time he made his will, (d) the existing facts; and (3) technical rules or canons of construction should be resorted to *only* if the language of the will is clearly ambiguous or conflicting or the testator's intent is for any reason uncertain. Also see In re Estate of Roberts, supra; In re Estate of Zang, 255 Iowa 736, 739, 123 N.W.2d 883,

885; Gilbert v. Wenzel, 247 Iowa 1279, 1281, 78 N.W.2d 793, 795; Porter v. Tracey, 179 Iowa 1295, 162 N.W. 800; 95 C.J.S. Wills § 591, p. 752.

■ A testator's intention thus may not be ascertained from a single part or paragraph of the will but the instrument must be read and considered as a whole, each part in connection with every other part and with the entire will, and each part given a meaning or an operation if possible. In re Estate of McCulloch, supra; In re Estate of Syverson, 239 Iowa 800, 32 N.W.2d 799; Tague v. Tague, 248 Iowa 1258, 85 N.W.2d 22; In re Estate of Roberts, supra.

■ Perhaps one more rule should be mentioned. Wills are to be construed, if possible, to avoid partial intestacy. In re Estate of Austin, 236 Iowa 945, 948, 20 N.W.2d 445, 447, 162 A.L.R. 709; Myers v. Smith, 235 Iowa 385, 393, 16 N.W.2d 628, 632, 155 A.L.R. 1413. This is particularly true where, as here, the instrument expresses an intent to dispose of *all* of the property of testatrix, and not to leave any of it to her heirs. Of course, this rule does not require or permit the court to establish a gift against the rules of law relating to the legal meaning of language used in the will.

Cases of this nature are largely dependent upon their own peculiar facts and circumstances, and it would add little to this opinion by reference to the many cases dealing with the above mentioned rules of construction. We considered and discussed several of them in our recent Roberts and Fairley cases, supra, which should be sufficient.

■ II. Here we must determine the intent of the testatrix by the language used in the entire will. Were the provisions of Paragraph Third repugnant to those in Paragraph Second, or may they be considered together and be interpreted to provide for the disposition of her whole estate? When the language of the entire

will is considered, we are not convinced that there is repugnancy between Paragraphs Second and Third. When considered together, we believe the language reasonably provides for the disposition of all of the property of testatrix by this will.

Both parties here maintain that only one trust fund was created, and on that proposition we agree. The nub of this dispute is whether that trust was a $2,000, or a $20,000, trust. From the record we learn the converted assets, after payment of debts, etc., amounted to approximately $20,000. Thus, if the trust was a $20,000 trust, some $18,000 remained in the trust fund for other disposition. That disposition, appellees maintain, is provided by Paragraph Third.

Appellants argue that even if Paragraph Second and Third are considered together, the language used in Paragraph Third does not conflict with the expressed intent to create only a $2,000 trust in Paragraph Second and that the reference therein to all remaining funds in said trust is to the funds remaining at the liquidation of the student loans in Paragraph Second.

It is true, if we consider only the language used in Paragraph Second, some doubts arise as to whether testatrix intended that all funds derived from the sale of her property were to be placed in the trust created, or just the sum of $2,000. However, when we also consider the language used in Paragraph Third, "All remaining funds in said trust above referred to * * *," and the directions given the trustee as to their disposition, and consider the fact that unless all funds derived from the sale of her property were included in the trust the direction would be meaningless, as there would be no remaining funds if the trust was limited to $2,000, then it would appear she meant to include all funds derived from the sale of her property in the created trust, with directions as to their disposition.

Like the trial court, we are satisfied when Paragraphs First, Second and Third are read together, the language used by the testatrix created one trust consisting of all the funds received from the sale of her property after the payment of debts, etc. and provided for their complete disposition, the first $2,000 to be used for student loans with the remainder to Iowa State University, and the balance of the funds in the trust to be divided equally between the Medical College of the University of Iowa and Still College of Osteopathy of Des Moines, Iowa.

III. Although the effort of the scrivener to make clear testatrix's direction leaves something to be desired, we find in the words used no such ambiguity as would require that Paragraph Third be held void. In her effort to explain in that paragraph that she wanted the first $2,000 of the trust created in Paragraph Second to be used as provided therein and the remaining funds in the trust to be divided between the institutions designated, some slight ambiguity does appear.

If there is any uncertainty in this paragraph, it arises in the first sentence, which states: "All remaining funds in said trust above referred to I direct shall be used by my trustee to carry out the trust as heretofore stated, and * * *." Appellants read this to mean a trust created in Paragraph Second, which they maintain is only a $2,000 trust. Since under Paragraph Second there will be no remainder, appellants then argue that the attempt to give the Medical College of the University of Iowa and Still College of Osteopathy the "remaining funds in said trust" is repugnant to the provision in Paragraph Second which leaves the balance of her converted funds in the sum of $18,000 undisposed of by the will.

As heretofore indicated, we do not so read these paragraphs. To do so would ignore two well established rules of will construction heretofore mentioned. Wills must be construed to avoid repugnancy if possible (In re Estate of Roberts, supra, and citations), and they should be

read so as to avoid intestacy if fairly possible. Myers v. Smith, supra, 235 Iowa 385, 16 N.W.2d 628; In re Estate of Austin, supra, 236 Iowa 945, 20 N.W.2d 445.

We read this part of the sentence in Paragraph Third as an effort to explain the two parts of the single trust created in Paragraph Second. So read, no repugnancy appears.

Perhaps the explanatory words of the sentence should be disregarded, or we should find them superfluous. In In re Estate of Braun, 256 Iowa 55, 60, 126 N.W.2d 318, 321, we quoted from Henkel v. Auchstetter, 240 Iowa 1367, 1374, 39 N.W.2d 650, 654, and stated: "It is true we have held that in order to ascertain the intent of a testator and give it effect it is sometimes permissible to disregard superfluous words * * *", citing Layton v. Tucker, 237 Iowa 623, 626, 23 N.W.2d 297. It would not be arbitrary to do so here.

In any event, we cannot agree wtih appellants that Paragraph Third should be read to void the apparent desire of testatrix, resulting in a disposition of the remainder in a manner she expressly rejected. Her provision that "It being my intention that none of my family, either my father's relatives or my brother or his heirs shall in *any manner* share in my estate" (emphasis supplied) would seem to settle the question as to her intent. In view of that expression and the reasonable interpretation that one and only one trust consisting of all her property after payment of debts was created, we find no basis for the use of so-called established rules of construction. We are satisfied they should not be used here to defeat the obvious intent of the testatrix adequately expressed by the language used in her will.

This is not the case where, through oversight or inadvertence, property was not devised (In re Estate of Fairley, supra, Iowa, 159 N.W.2d 286) or where the same bequest is made in two paragraphs of the same will. Schmidt v. Claus, 250 Iowa 314, 93 N.W.2d 592.

Having found no error in the trial court's denial of the claims of plaintiffs and dismissal of their petition for declaratory judgment, and motion for summary judgment, the trial court's ruling as previously referred to herein is affirmed.

Affirmed.

All Justices concur.