370 N.W.2d 837 (1985)
In the Matter of the ESTATE OF Thomas J. FAWCETT, Deceased.
Arthur Warren FAWCETT and Sarah E. Dye, Petitioners-Appellants,
v.
PLEASANT HILL METHODIST CHURCH, Zion Cemetery Association, et. al., Defendants-Appellees.
No. 84-1265.
Court of Appeals of Iowa.
April 30, 1985.
David A. Johnson and Gayle N. Vogel of Johnson, Jordan & Lane, Knoxville, for petitioners-appellants.
Paul Vos, Prairie City, for defendant-appellee Pleasant Hill Methodist Center.
Considered by DONIELSON, P.J., and SNELL and SACKETT, JJ.
SACKETT, Judge.
Decedent Thomas Fawcett and his wife Fonda executed identical wills in 1969. Fonda predeceased Thomas. Petitioner Arthur Warren Fawcett and Sarah E. Dye are Thomas' only heirs at law. The district court determined that Defendant Pleasant Hill Methodist Church and Zion Cemetery Association[1] were the sole beneficiaries under decedent's will. Petitioners have appealed from this determination.
The controversy centers on paragraphs II and III of decedent's will, which provide:
Paragraph II. It is my will and I hereby will, devise and bequeath to my beloved wife, Fonda G. Fawcett, all of my property whether real, personal or mixed to be her property in fee simple title, provided she survive me, subject to provisions set forth in Paragraph III below.
Paragraph III. It is my will that my said beloved wife may resort to any part *838 of the principal or all of my said estate to keep her in the comforts of life which we have always enjoyed, but at her death if any remain, it is my will that that part of our estate remaining shall pass one-half to the Zion Cemetery Association for the purpose of maintaining the perpetual care of our cemetery lot and all the balance of said one-half may be used as the Cemetery Association sees fit. The other one-half of our estate shall pass to the Pleasant Hill Church south of Prairie City or whatever church we may be a member of at the time of our death.
These paragraphs are the only ones disposing of property.
Petitioners contend Thomas' intent to leave the property to Fonda is clearly expressed in the will, but claim the will failed to make any provision for property distribution in the event Fonda predeceased Thomas. Therefore, they argue the will is incomplete and all of Thomas' property should pass by intestate succession to them.
The Iowa court favors an interpretation of conditions which avoids forfeiture and permits the bequest. See Porter v. Porter, 286 N.W.2d 649, 653 (1979). Wills should be read to avoid intestacy if fairly possible. In Re Estate of Lamp, 172 N.W.2d 254, 258-59 (Iowa 1969); Myers v. Smith, 235 Iowa 385, 393, 16 N.W.2d 628, 632 (1944).
Iowa Code § 633.274 provides:
The devise to a spouse of the testator, where the spouse does not survive the testator, shall lapse notwithstanding the provisions of section 633.273, unless from the terms of the will, the intent is clear and explicit to the contrary.
Therefore, the provisions made by Thomas for Fonda in his will lapsed at the time of Fonda's death. There was no language in the will to evidence a contrary intent.
We must therefore look to the will to determine what provisions, if any, are made for the distribution of property after the lapse of Fonda's bequest. The Iowa Supreme Court has been firm and clear in their refusal to accept the argument that, in the construction of a will, a literal translation must be the sole method of interpretation. Russell v. Johnston, 327 N.W.2d 226, 229 (Iowa 1982). In Russell, the Iowa court affirmed their prior adoption of the doctrine of gift by implication and held:
When a testator's will clearly reveals a general plan or intention as to the disposition of his property, and a situation arises that is not within the express language of the will, such general plan may be regarded as existing but incompletely expressed, and the failure to provide for the situation inadvertent rather than intentional, and a gift may be implied for the purpose of the general plan.
Id. at 230, quoting Davis v. Davis, 23 Ohio Misc. 17, 258 N.E.2d 277, 282 (1970).
We consider the language of Russell to be applicable here and determine that the will clearly reveals a general plan for disposition of decedent's property at the time of both their deaths. In this determination we consider, as did the trial court, that testator used "our death" in paragraph III.
We therefore determine the residue goes to the Pleasant Hill Methodist Church and does not pass intestate.
We note that our holding is in accord with the Michigan and the New York Courts of Appeals. See In The Matter of Estate of Shaw, 360 N.W.2d 921 (Mich.Ct. App.1984)[2] and In Re D'Allesandro's Will, 55 Misc.2d 909, 286 N.Y.S.2d 914 (1968).[3]
*839 We are not persuaded by appellants' reliance on Bankers Trust Co. v. Allen, 257 Iowa 938, 135 N.W.2d 607 (1965), where testator gave property to a sister if she survived decedent, but made no further provision for the property at his sister's death. Thomas' will made specific provisions for further disposition of the estate on Fonda's death.
The decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Petitioners and defendant Zion Cemetery Association settled prior to trial. The Cemetery Association is not a party to this appeal.
[2] In Shaw, the will of a wife who survived her husband contained a joint and mutual residuary clause which failed to provide for the contingency of nonsimultaneous death of husband and wife. The clause did provide that residuary beneficiaries would receive the residue of the estate if husband and wife died simultaneously or if one party did not survive the other for 30 days. The court rejected the claim that the residue should pass intestate and construed the will as passing the residue to persons named in the residuary clause.
[3] In D'Allesandro, the will did not provide for the contingency that occurred, i.e., the nonsimultaneous death of the husband and wife. The New York Court found no ambiguity in the will language, but did find an omission. The court was then bound to supply the omitted clause where the will clearly indicated testator's intent and the omission could be implied therefrom.