ment of the cause of action sets forth that the benefit certificate sued upon was on the life of Ross S. Beatty, and was made payable to Clara B. Beatty, the wife of said Ross S. Beatty. This suit was brought by the administrator of the latter. It is true there is an averment that said policy is part of Ross S. Beatty's estate, and that he left no other estate for the payment of his debts, funeral expenses, etc. But it discloses no process by which the title became transferred from Clara B. Beatty to the decedent, while the averment of the insolvency of his estate is of no significance, in view of the act of April 15, 1868, P. L. 103.

Judgment affirmed.

─────

L. M. DILWORTH v. ESTHER GUSKY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 8, 1889—Decided January 6, 1890.

(a) The will of a testator gave to his wife a large amount of personalty absolutely, and provided: "I give to my beloved wife, Louisa, in lieu of dower, my present residence, with the lands and improvements, as the same may be found at the time of my death:"

1. There being no devise over, no words of limitation, nor anything else showing an intent to give his wife less than all the testator's interest in the land, the wife had an estate in fee-simple therein: § 9, act of April 8, 1833, P. L. 250.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, Mc-COLLUM and MITCHELL, JJ.

No. 252 October Term 1889, Sup. Ct.; court below, No. 212 September Term 1889, C. P. No. 1.

To the number and term of the court below, a case stated, wherein Louisa M. Dilworth was plaintiff, and Esther Gusky, defendant, was filed, showing:

That Joseph Dilworth died on February 26, 1885, leaving to survive him his wife, Louisa Dilworth, the plaintiff, and

five children, and having made his will, duly admitted to probate, providing as sufficiently set forth in the opinion of the court below; that on May 6, 1889, the plaintiff had entered into a written contract to sell and convey in fee-simple to the defendant a certain portion of the homestead property of the said testator, devised to and accepted by the plaintiff, and on June 1, 1889, had duly tendered a deed therefor to the defendant; that defendant had refused to accept said deed, alleging that she was advised by counsel that under the will of said deceased the plaintiff did not have a fee-simple estate in the land she had so agreed to sell; submitting the question to the judgment of the court.

On October 5, 1889, after argument, the following opinion was filed, COLLIER, J.:

We are of opinion that under the will of Joseph Dilworth, deceased, Louisa M. Dilworth took a fee-simple in the lot of ground described in the case stated. The language of the will is: "I give to my beloved wife, Louisa, in lieu of dower, my present residence, with the lands and improvements, as the same may be found at the time of my death. . . . . Also the whole of my household furniture, pictures, goods and wares, together with my carriages, wagons and other vehicles, and all horses, cattle and other live stock on hands, the same not to be appraised or placed in any inventory whatever, as is usually required by law." The ninth section of the act of April 8, 1883, declares: "All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation, or otherwise in the will, that the testator intended to devise a less estate."

In order to reduce a devise of real estate to less than the whole estate of the testator therein, such an intention must appear in the will. We can discover no such intention. There is no devise over of the land, no words of limitation, nor anything else in the will showing an intent to give his wife less than all his interest in the land described. On the contrary, we think that the will indicates the intent of the testator that his wife should have the land absolutely; for, after giving her, in addition to the articles aforementioned,

absolutely, his interest in the firm of Dilworth Bros., also $25,000 of his loan account in said firm, and 100 shares of $1,000 each, in the firm of Porter, Dilworth & Co., he directs that the shares of his two daughters, Lizzie and Lulu, shall be invested by the executors, and the interest only paid them, and at their death, to go to their children, after they arrive at the age of twenty-one years. He then closes his will with this item: "Should my beloved wife desire to quit my present residence, and deem it advisable to sell the same at any time in fee-simple, and invest the proceeds in securities .as may be jointly agreed upon with my executors, it is my wish to grant her the power to do the same;" thus indicating his intention that she should enjoy the entire proceeds. But even if the language should throw some doubt upon the question, due effect should still be given to the statute, by declaring that the whole of the estate of the testator passed: Shirey v. Postlethwaite, 72 Pa. 39.

Judgment having been entered in favor of the plaintiff for $55,925, payable in accordance with the terms of the contract between the parties, the defendant took this appeal, assigning the order entering judgment in favor of the plaintiff as error.

*Mr. A. Israel* (with him *Mr. Josiah Cohen*), for the appellant.
Counsel cited: Section 9, act of April 8, 1833, P. L. 250; Busby v. Busby, 1 Dall. 226.

*Mr. William R. Blair*, for the appellee.
Counsel cited: § 9, act of April 8, 1833, P. L. 250; McIntyre v. McIntyre, 123 Pa. 329; Shirey v. Postlethwaite, 72 Pa. 39; Crosky v. Dodds, 87 Pa. 359; Widener v. Beggs, 118 Pa. 374.

PER CURIAM:

Judgment affirmed.