self of the opportunity presented by the trial judge: Kovarik v. Lehigh Valley R. R., 240 Pa. 533.

We find no evidence warranting a finding that the parents, or either of them, were guilty of contributory negligence. What the trial judge said in discussing that question is not contrary to our decisions.

The judgment is affirmed.

---

# Bennett et al. v. Sutphen, Appellant.

*Wills—Devise to wife—Power to consume—Estate in fee.*

A testator gives to his wife an estate in fee simple where he directs as follows: "To express my confidence that my beloved wife will care for and do the best for the welfare of our children I would leave all that my estate will be worth in case of my death to Her, to Hold and to use to the best of her judgment in raising and clothing our Dear Children and to invest as she may think best."

Fidelity v. Bobloski, 228 Pa. 52, applied.

Submitted October 21, 1919. Appeal, No. 131, Oct. T., 1919, by defendant, from order of C. P. Allegheny Co., Oct. T., 1919, No. 962, making absolute rule for judgment for want of a sufficient affidavit of defense in case of James K. Bennett and Richard R. Bennett v. Charles R. Sutphen. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for balance of purchase money on agreement for sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

WASSON, J., filed the following opinion:

This action to recover an unpaid balance of the purchase price stipulated in an agreement for the sale of certain real estate in the second ward of the City of Pittsburgh was brought following the defendant's re-

fusal to accept tender of the general warranty deed for the premises in question. The agreement of sale calls for the conveyance of the estate in fee simple, clear of all liens and encumbrances. The affidavit of defense denies that the estate covered by the deed which plaintiffs tendered is an estate in fee simple. Whether it is or is not, depends upon the quantum of the estate which Rachel L. Baines, through whom the plaintiffs derived whatever title they may have, took under the will of her husband, James C. Baines. If she took less than an estate in fee, the rule for judgment before us should be discharged.

The will of James C. Baines is as follows:

"Pittsburgh, October 26th, 1883.

"To All Concerned:

"In view of the uncertainty of life and to express my confidence that my beloved wife, Rachel L. Baines, will care for and do the best for the welfare of our children I would leave all that my estate will be worth in case of my death to Her, to Hold and to use to the best of her judgment in raising and clothing our Dear Children and to invest as she may think best after advising with Mr. William Barker, Jr., whom I would ask to act as executor of this my last will and testament if she cannot hold the house and lot we now live in I think it would be well to build about a Four (4) Room House on the Lot adjoining that is in her name as it was bought out of money she made keeping boarders but whatever Her or Mr. Barker think best to do in the case will be right.

"The colt out in Ohio at Uncle Robert Carnahan is the property of Joseph and William, as it was given to them at the time it was Born and let Mr. Barker do with it as he may think best.

"JAMES C. BAINES.

"JOHN E. EVANS, Witness."

Since the adoption of the Act of 1833, there can be no question that a devise of real estate passes the whole estate "Unless it appear by devise over or by words of

limitation or otherwise in the will that the testator intended to devise a less estate." In the will under consideration there is no devise over, and so far as we are able to discern there is nothing to indicate that testator intended to give the widow less than an estate in fee. As an expression of his confidence in her willingness and ability to "care for and do the best for the welfare" of their children, he left her the entire estate, or all it "will be worth," to use "to the best of her judgment in raising and clothing our dear children." He therefore imposed upon her a specific duty.

It will be noted that he gave her the power of disposition, and anticipated that she might want to use what she received from him to improve real estate which she had acquired through her own undertaking and sacrifice. The words "To hold and to use," no more than in Snyder v. Baer, 144 Pa. 278, indicate any restriction or limitation.

The cases all hold that a devise generally or indefinitely, with power of disposition, carries a fee: Witmer v. Delone, 225 Pa. 450; Jackson's Est., 179 Pa. 77; Fidelity Trust Co. v. Bobloski, 228 Pa. 52.

The provisions of the Baines will very closely resemble the provisions of the Hoffman will, construed in Fidelity Trust Co. v. Bobloski, supra. The canons of constructions which were there applied, fit here. The case must be considered as determining the question raised by the rule taken.

The rule will be made absolute.

Defendant appealed.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. & G. C. Burgwin,* for appellant.

*E. E. Cotton,* for appellees.

PER CURIAM, January 5, 1920:

The judgment in this case is affirmed on the opinion of the learned court below directing it to be entered.

Judgment affirmed.

---

## Gilfillan et al., Appellant, *v.* Fife.

*School law—New school building—Necessity—Location — Discretion of school board—Abuse—Review.*

The question of the necessity for a new school building and its location, is a matter within the sound discretion of the school board; and the courts will not interfere with the decision of the board on such matters, where there is no abuse of discretion.

Argued October 21, 1919. Appeal, No. 134, Oct. T., 1919, by plaintiffs, from decree of C. P. Allegheny Co., Oct. T., 1919, No. 125, dismissing bill in equity in case of Alexander Gilfillan, R. K. McEwen and W. C. Degelman v. S. M. Fife et al., School Directors of School District of Upper St. Clair Twp. Before BROWN, C. J., MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Bill in equity for an injunction to restrain the erection of a school building.

MACFARLANE, J., filed the following opinion:

The bill was filed by the three plaintiffs on behalf of themselves as taxpayers and other taxpayers of the school district who might choose to join, and the prayer is for an injunction to restrain the erection of a school building and for further relief.

### FINDINGS OF FACT.

1. The school district comprises the Township of Upper St. Clair, and the directors are the five defendants.

2. By deed, dated June 6, 1919, Ellsworth E. Phillips et ux., conveyed to the school district a lot in the township containing 1.774 acres, the description being set