516 A.2d 359

**The ESTATE OF Gilbert WILLIAMS by Barbara LORGAN, its Executrix and Barbara Lorgan, Individually**

v.

**Ivan WILLIAMS and Paul Williams, Appellants.**

Superior Court of Pennsylvania.

Argued March 6, 1986.

Filed Oct. 1, 1986.

Robert N. Bryan, Honesdale, for appellants.

Lee C. Krause, Honesdale, for appellee.

Before CAVANAUGH, BECK and JOHNSON, JJ.

BECK, Judge:

The central issue on appeal is whether a devise of real property which is not in conformance with the applicable zoning ordinance is void. We find it is not void.

Gilbert Williams died testate on August 8, 1979. He made a holographic will by completing blank spaces in his own hand on a printed form. He disposed of his estate as follows:

> To Barbara Williams,
> my house + farm and all accessories 31 acres
> To Paul Williams 1 acre to Park Trailor
> also 1–22 single shot rifle
> To Ivan Williams 1 acre to Park Trailor
> also 1 Pickup Truck GMC 1973
> To Dorothy Miller 1– 1978 [illegible] 4 door sedan

| To Ivan Williams | ) | Divide any |
| Paul Williams | ) | Money that I |
| Dorothy Miller | ) | Have |
| Barbara Williams or Lorgan | ) | Equally |

The will appointed his daughter Barbara as executor. Barbara, as executor, conveyed the real property from Gilbert's estate into her own name individually, excepting two one-acre life estates in the names of her brothers, to be located on the farm at her discretion at some future time.

Barbara also distributed the remainder of the estate by transferring $1,838.18 to each of the named legatees.

In his holographic will, Gilbert attempted to devise one-acre tracts of land to each of his sons Ivan Williams and Paul Williams. The zoning ordinance in effect at the time of distribution of the estate required minimum lot size in excess of one acre.

In order to procure a judicial resolution of the devise of the real property, Barbara, as executor of the estate, instituted a Complaint for Distribution in Kind. 20 Pa.C.S.A. § 3534. In her complaint, Barbara alleged that the devises to her brothers failed on either one of two theories: the will lacked specificity as to the description of each brother's one-acre tract or, alternatively, the conveyance was illegal because it violated the Damascus Township Zoning Ordinance which required lot sizes to be a minimum of approximately 1.4 acres.

Thereafter, in October, 1984, Ivan and Paul filed a Complaint in Equity seeking to invalidate Barbara's deed and requesting that title be reconveyed to the estate.[1] The actions were consolidated, and the trial court disposed of the matter in its order of April 22, 1985, which is on appeal.

In its February 5, 1985 Adjudication and Decree Nisi, the Orphan's Court division of the Court of Common Pleas of Wayne County awarded the sons a two-acre tract as co-tenants in fee simple instead of one-acre tracts each as Gilbert directed in his will. In response to exceptions, the court reconsidered, and in its order dated April 22, 1985, it voided the devise to Paul and Ivan. The court stated, "[t]he Court further finds that the intent of Gilbert Williams, to give each son one (1) acre to park trailer cannot be carried out, because the applicable subdivision ordinance requires a minimum lot size of sixty thousand (60) square feet."

In interpreting a will, a court places great emphasis on the testator's intent. *In re Janney's Estate*, 498 Pa.

---

1. The order of the court does not directly respond to Ivan's and Paul's prayer that the deed recorded by Barbara be declared invalid. The recorded deed established fee title in Barbara and excepts two one acre life estates for Paul and Ivan.

398, 446 A.2d 1265 (1982); *Matter of Estate of Coniglio,* 324 Pa.Super. 527, 472 A.2d 205 (1984). However, the testator's intent must appear with reasonable certainty, such that little doubt exists as to the testator's intent. *Estate of Dulles,* 494 Pa. 180, 431 A.2d 208, 17 ALR 4th 1279 (1981); *In re Hamilton's Estate,* 454 Pa. 495, 312 A.2d 373 (1973).

If the intent is not clear, certain presumptions are applied to the construction of the will. First among these presumptions is that a testator intends to dispose of his entire estate and not to die intestate as to any part of it. *Hill's Estate,* 432 Pa. 269, 247 A.2d 606 (1968). A will must be read to give effect to every portion of it, so as not to render any provision nugatory and futile. *Farrington Will,* 422 Pa. 164, 220 A.2d 790 (1966); *Funk Estate,* 353 Pa. 321, 45 A.2d 67 (1946). Also, an "heir or statutory distributee will not be disinherited except by express words or necessary intendment." *Knox's Estate,* 328 Pa. 188, 195 A.2d 34 (1963).

With these principles in mind, the trial court first examined whether Gilbert intended to leave his sons life estates, as Barbara contends, or intended to leave them one-acre tracts in fee, as the devisees contend. The court noted that devises are presumed to convey the entire estate unless there are specific indications to the contrary. *See* 20 Pa.C.S.A. § 2514(3).

The court found in its February 5, 1985 Adjudication and Decree Nisi, and we agree, that Gilbert intended to devise to be in fee simple. The will contains no indication that Gilbert intended to devise less than a fee simple estate. It did not contain a devise over to another following his sons' deaths; nor did it contain any words of limitation such as 'for his life' or 'for as long as he lives.' *See Dilworth v. Gusky,* 131 Pa. 343, 18 A. 899 (1890); *accord Kautz v. Kautz,* 365 Pa. 450, 76 A.2d 398 (1950): *Lipman's Estate,* 336 Pa. 570, 10 A.2d 385 (1940); *Bennett v. Sutphen,* 266 Pa. 168, 109 A. 669 (1920). Therefore, the court properly

reasoned that the two specific devises of one-acre tracts to Ivan and Paul Williams were estates in fee simple absolute.

The court, in the April 22, 1985 final order, determined that although Gilbert intended his sons to receive one-acre estates in fee simple, such devises failed for illegality inasmuch as they violated the zoning ordinance in effect at the time of distribution.

■ We do not agree that the devises failed because they violated the zoning ordinances. Zoning ordinances regulate the use of property and do not control the holding of land. Thus a developer, for example, may hold large tracts of land that are not subdivided in accordance with the zoning ordinance. In the same way, an individual may hold tracts of land that are smaller than allowable under the zoning ordinance. Enforcement of the zoning ordinance is triggered at the point where the individual or the developer intends to use or make improvements on the land.

Zoning pertains to a permissible *use* of land, not to an individual's right to *hold* land.

> Zoning regulations 'concern the physical use to which the land is put.' Zoning laws, enactments under the police power, are not concerned with method of ownership of property. Zoning ordinances regulate usage; if a use is permitted, a municipality may not regulate the manner of ownership of the legal estate....
>
> Zoning law has no application to the resolution of disputes between private parties over real estate interests.

*County of Fayette v. Cossell,* 60 Pa.Commw. 202, 204, 430 A.2d 1226, 1228 (1981) (citations omitted).

A zoning board is empowered to enforce the use of property in a manner consistent with the provisions of a zoning ordinance. A zoning ordinance *per se* cannot prevent an otherwise valid devise of a specific quantity of property no matter how large or how small. However, a zoning board does have the authority to refuse to permit

the holder of the land to use or improve a tract smaller than that mandated in the zoning ordinance or to refuse to permit a developer to improve land not subdivided according to the zoning ordinance. Nothing in the zoning ordinance can make illegal the devise of one-acre tracts to Paul and Ivan. Therefore, the devises to Paul and Ivan can not be considered void as violative of the zoning ordinance. A devisee who receives real estate not in conformity with the zoning ordinance can hold the land unimproved, can apply for a variance to the zoning ordinance so that he can improve the land or can sell the land.

■ Appellants Ivan and Paul also challenge the court's assessing the cost of surveying the land against them. They assert that the survey of the property is an allowable cost of administration which the estate must bear and cite *Bosico Estate,* 2 Fid.Rep.2d 416 (1982), for the proposition that such an expense is allowable when charged to the estate. We find appellant's reliance on *Bosico* misplaced. The implicit holding of *Bosico* is that survey costs may be taxed at the court's discretion. We conclude that the court did not abuse its discretion in assessing the costs against the intended devisees.

In the absence of a mandate in the law assessing the cost to the estate, we cannot say that the trial court abused its discretion. The court recognized that Ivan and Paul were the intended beneficiaries of the devises, and therefore, it was proper for them to bear the cost of the survey.

In conclusion, we reverse the court's holding that the devises fail because they violate the zoning ordinance. We affirm the court's assessment of the costs of surveying the property to Paul and Ivan. We affirm that the court's holding that the testator intended to devise estates in fee simple to Paul and Ivan.

We remand for further proceedings in accordance with this opinion. Jurisdiction is relinquished.