In the Matter of the ESTATE OF Fay HURT, Deceased.

Joyce Carney and Sandra Baldwin, Appellants,

v.

Roger Hurt and Roger Hurt, as Executor of the Estate of Fay Hurt, Appellees.

No. 03–0069.

Supreme Court of Iowa.

June 16, 2004.

Thomas H. Claypool and James E. Claypool, Williamsburg, for appellants.

C. Joseph Holland of Holland & Anderson LLP, Iowa City, for appellees.

STREIT, Justice.

In her will, Fay Hurt gave her son the family farm, except for a small parcel of land containing her home. She left this parcel to her two daughters. She also gave her son the right to cross the daughters' parcel when farming. The daughters argue this provision of the will is null and void because it results in a violation of a local zoning ordinance.

The district court found Fay clearly wanted her son to be able to drive farm machinery across her daughters' land, and directed the executor of the estate to ask the Johnson County Zoning Board of Adjustment for an exception. The court also enjoined the daughters from formally objecting to this request.

We hold a zoning ordinance cannot prevent an otherwise valid devise of real property, and affirm in part. Because we find an injunction is not proper in these circumstances, however, we vacate that part of the district court's order.

## I. Facts and Prior Proceedings

Prior to her death in 2001, Fay Hurt owned a 115 acre farm in Johnson County. Fay, a widow, had three grown children: Roger Hurt, Joyce Carney, and Sandra Baldwin.

Fay's farm had two houses. Fay lived in the "new" house located on the far northeast corner of the farm. Roger lived in the "old" house due west of his mother's residence.

A ravine divides the farm into two parts, and separates the two houses. It is steep and runs from northeast to southwest. One may travel between the two houses on a public road which forms the northern boundary of the farm.

In order to get to the farm's southern fields, Roger has used an access located just to the east of his mother's house. This access extends due south from the public road on the farm's northern border. Part of the access, it appears, doubles as a driveway to the new house, and is to some extent graveled.

Roger has used this access almost every day for the past forty years. It is his primary access from his residence to the southern fields. Although there is another access to the southern fields which cuts directly across the ravine, crossing this secondary access with farm machinery is difficult, if not impossible. It is too narrow for modern farm machinery, and one must negotiate a steep incline. The culvert at the bottom also often washes out.

In her will, Fay left the farm to Roger, but gave her residence and a small parcel of land surrounding it to Joyce and Sandra. This parcel of land contained Roger's primary access to the southern fields. Roger was given an option to purchase his sisters' share for its appraised value, but declined to do so.

The dispute between the parties centers on another provision of the will, which stated:

[M]y son, Roger D. Hurt, will be entitled to have a right-of-way for ingress and egress for agricultural purposes over the east 30 feet of the property which ... I now occupy as my residence.

Later in the will, Fay referred to this right-of-way as "an easement for ingress and egress for agricultural purposes to the rest of the farm that I have bequeathed to him."

Joyce and Sandra contend their mother did not have the power to make such a devise to their brother, because any easement would conflict with a county zoning ordinance. The ordinance, it is argued, requires agricultural easements to be set back at least thirty feet from a home. *See Johnson County, Iowa, Ordinances*

§ 8:1.24(III)(8) (2002). Because the new house is located approximately forty feet from the eastern property line, the sisters note it is impossible to put a thirty-feet-wide agricultural easement east of the house.[1] They maintain this provision of the will is therefore null and void.

Roger, as executor, filed an "Application for Orders and Direction," in which he asked the district court to determine whether he was entitled to a thirty-feet-wide agricultural easement across his sisters' property. He also "pray[ed] for such other and further orders as the Court deems equitable and just in the premises." In a pre-hearing memorandum, Roger specifically asked the court to enjoin his sisters from thwarting his plan to seek a variance from the local zoning board.

The district court ruled Fay clearly intended Roger have an easement. For this reason, the court ordered Roger to seek a variance from the local zoning board of adjustment, and enjoined Joyce and Sandra "from objecting to the variance or from taking any action which would defeat the Testator's intent to allow the easement."

Joyce and Sandra appealed. They argue (1) Fay did not have the power to devise an easement which violates a local zoning ordinance without first obtaining a variance, and therefore this provision of the will is null and void; (2) they did not have fair notice of an injunction; and (3) an injunction was not, in any event, warranted under these circumstances.

## II. Standard of Review

■ This action was tried in probate as a proceeding in equity. Iowa Code § 633.33 (2001). Our review is de novo.

*In re Estate of Thomann,* 649 N.W.2d 1, 3 (Iowa 2002).

## III. Merits

### A. Effect of Zoning Ordinance Upon the Will

■ Joyce and Sandra maintain a testator does not have the power to devise real property in a manner which results in the violation of a zoning ordinance. For this reason, they claim the provision in Fay's will granting Roger an easement is null and void, because it offends a set-back provision of the Johnson County Zoning Ordinance. They contend their mother needed to obtain a variance if she wanted to make such a conveyance.

Neither party cites a case with similar facts. The daughters cite cases which contain the general proposition that when an act is prohibited or penalized by a statute, the act is void and unenforceable. *See, e.g., Pangborn v. Westlake,* 36 Iowa 546, 548–49 (1873) (affirming general rule that a penalty implies a prohibition, but recognizing exception where manifest prohibition not intended). Roger, on the other hand, relies upon several cases which reiterate the familiar maxim that the intent of the testator is the "polestar" of our analysis when interpreting wills. *See, e.g., In re Estate of Larson,* 256 Iowa 1392, 1395, 131 N.W.2d 503, 504 (1964). These cases are all distinguishable, however, because they do not address the impact of zoning ordinances upon testamentary disposition.

While this question appears to be one of first impression in this jurisdiction, several other courts have unanimously held zoning ordinances cannot prevent otherwise valid

---

1. The daughters also contend another provision in the ordinance requires agricultural easements be at least twenty-five feet wide, and so a narrower conforming agricultural easement could not be placed east of the house. *See Johnson County, Iowa, Ordinances* § 8:1.22(v)(7)(f)(5) (2002).

devises of real property. *In re Estate of Sayewich,* 120 N.H. 237, 413 A.2d 581, 583 (1980); *Metzdorf v. Borough of Rumson,* 67 N.J.Super. 121, 170 A.2d 249, 252–54 (1961); *Estate of Williams by Lorgan v. Williams,* 357 Pa.Super. 476, 516 A.2d 359, 362 (1986). *Williams* is particularly helpful in resolving the case at bar. Prior to his death, Gilbert Williams owned thirty-three acres of land. *Williams,* 516 A.2d at 360. In his will, he left one acre to each of his two sons. *Id.* The trial court voided the devises, because they resulted in the creation of tracts of land smaller than the minimum lot size mandated by a local zoning ordinance. *Id.* at 361.

The Pennsylvania Superior Court reversed. The court reasoned as follows:

> We do not agree that the devises failed because they violated the zoning ordinances .... Zoning pertains to a permissible *use* of land, not to an individual's right to *hold* land .... Zoning law has no application to the resolution of disputes between private parties over real estate interests. A zoning board is empowered to enforce the use of property in a manner consistent with the provisions of a zoning ordinance. A zoning ordinance *per se* cannot prevent an otherwise valid devise .... However, a zoning board does have the authority to refuse to permit the holder of the land to use or improve a tract smaller than that mandated in the zoning ordinance or to refuse to permit a developer to improve land not subdivided according to the zoning ordinance. Nothing in the zoning ordinance can make illegal the devise .... A devisee who receives real estate not in conformity with the zoning ordinance can hold the land unimproved, can apply for a variance to the zoning ordinance so that he can improve the land or can sell the land.

*Id.* at 362 (citations omitted, emphasis in original). Appellate courts in New Hampshire and New Jersey also upheld devises under analogous circumstances: both courts held a zoning ordinance—which is directed at the *use* of land, not its alienability—cannot prevent an otherwise valid devise of real property. *See Sayewich,* 413 A.2d at 583 (Zoning ordinances "are not a means of controlling the alienability of land, but of promoting the orderly and planned growth of a community .... Although these controls may restrict certain [inter vivos] transfers of real property, their focus is on the use and development of land and not its alienability."); *Metzdorf,* 170 A.2d at 253 ("The zoning power, in its proper exercise, is not operative upon the alienability of land, but is concerned solely with the manner in which its owner seeks to utilize it.").

■ This distinction between alienability and use is important. We have repeatedly stated that a zoning ordinance is merely a restraint upon an owner's *use* of property for the protection of the general welfare, and nothing more. *Brackett v. City of Des Moines,* 246 Iowa 249, 258, 67 N.W.2d 542, 547 (1954); *Boardman v. Davis,* 231 Iowa 1227, 1231, 3 N.W.2d 608, 610 (1942). Such ordinances cannot invalidate an otherwise valid devise. Fay's will conveyed an easement to Roger; the provisions of the Johnson County Zoning Ordinance are irrelevant to the alienability of the challenged interest in land.

■ Title simply passed as Fay intended at the moment of her death. Iowa Code § 633.350 (title to real property passes to beneficiary under terms of will when testator dies); *see In re Estate of Austin,* 236 Iowa 945, 949, 20 N.W.2d 445, 447 (1945) ("[T]he primary concern of courts is to determine the intent of the testator and give it effect unless contrary to some rule of law or public policy.").

Although our decision might appear, at first glance, to undermine the weighty public policy behind zoning laws and countenance the illegal,

> the passage of title to a devisee has no bearing on the use or development of that property .... Compliance with [a zoning ordinance] is neither excused nor obviated by the division of property under the terms of a will.

*Sayewich,* 413 A.2d at 583. To the contrary, to accept the daughters' argument would result in the imposition of the rules of partial intestacy, a result which we have long disfavored. *See id.; accord Estate of Austin,* 236 Iowa at 948, 20 N.W.2d at 447 (partial intestacies disfavored). Assuming the ordinance applies on these facts,[2] Roger takes title to an interest in his sisters' land, subject to the existing county zoning laws and with the right to seek a variance.

## B.  The Injunction

In the district court, Roger filed an application requesting the court resolve the parties' dispute. At the end of his application, Roger included a general prayer for relief, in which he asked for "other and further orders as the Court deems equitable and just in the premises." Just prior to the hearing on the application, Roger specifically asked the court to enjoin his sisters from taking any measures which might thwart his plan to seek a variance, including challenging his formal request before the local board of adjustment.

■ After determining the zoning ordinance did not inhibit Fay's power to devise an easement, the district court "enjoined [Joyce and Sandra] from objecting to the variance or taking any action which would defeat [Fay's] intent to allow the easement." The court concluded an injunction was necessary to give effect to its ruling, and would expedite the estate proceedings. Joyce and Sandra claim they did not have adequate notice Roger would seek an injunction. They also maintain an injunction was not, in any event, proper under these circumstances. Because we determine an injunction was not proper, we need not decide whether Joyce and Sandra were afforded adequate notice.

■ We have repeatedly cautioned an injunction is "an extraordinary remedy that is granted with caution and only when required to avoid irreparable damage." *Skow v. Goforth,* 618 N.W.2d 275, 277–78 (Iowa 2000); *see Nelson v. Agro Globe Eng'g, Inc.,* 578 N.W.2d 659, 662 (Iowa 1998). In order to obtain an injunction, a party must show

> (1) an invasion or threatened invasion of a right, (2) substantial injury or damages will result unless an injunction is granted, and (3) no adequate legal remedy is available.

*Skow,* 618 N.W.2d at 278. As Joyce and Sandra point out, no right presently possessed by Roger is threatened; as we have indicated, the will grants Roger title to an interest in his sisters' land, i.e., an easement, but that mere fact does not entail a corresponding right to have the board of adjustment grant him a variance, should he choose to ask for one. Although we have countenanced the use of an injunction

2. It is important to point out that in the foregoing discussion we have assumed, without deciding, that Roger's continued use of the right-of-way is subject to the Johnson County Zoning Ordinance. Nothing in this opinion should be construed to hold that a zoning ordinance is applicable to facts such as these, which could be understood as nothing more than an agreement between private parties. We do not decide, then, whether Roger is required to apply for a variance to use his right-of-way. (Nor do we construe or apply the Johnson County Zoning Ordinance.) We have simply assumed the ordinance applies, and held this mere fact would not invalidate any part of Fay's will.

to restrain one party from pursing legal relief against another, in this case the mere satisfaction of testator intent is an insufficient basis for the issuance of such an injunction. *Cf. In re Lulof,* 569 N.W.2d 118, 124 (Iowa 1997) (citations omitted) (a court should not enjoin a party from pursuing legal relief "unless . . . clearly necessary to protect against continued vexatious or oppressive litigation"); *Cushing v. Fort Worth Nat'l Bank,* 284 S.W.2d 791, 795 (Tex.Civ.App.1955) (dissolving district court order enjoining heirs from seeking further recovery of estate assets). The injunction must be dissolved.

## IV. Conclusion

We affirm in part and reverse in part. A zoning ordinance cannot prevent an otherwise valid devise of real property, and therefore the district court correctly refused to invalidate this portion of Fay's will. Because no presently possessed right of Roger is threatened, however, the district court wrongly enjoined Joyce and Sandra from contesting Roger's request for a variance before the local board of adjustment. We thus vacate this part of the district court's order.

Costs on appeal are assessed against Joyce and Sandra.

**AFFIRMED IN PART AND RE-VERSED IN PART.**